```
EILEEN M. DECKER
United States Attorney                              JS-6
LAWRENCE MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JONATHAN GALATZAN
Assistant United States Attorney
Asset Forfeiture Section
California Bar No. 190414
   Federal Courthouse, 14th Floor
   312 North Spring Street
   Los Angeles, California 90012
   Telephone: (213) 894-2727
   Facsimile: (213) 894-7177
   E-mail: Jonathan.Galatzan@usdoj.gov

Attorneys for Plaintiff
United States of America
```

                    UNITED STATES DISTRICT COURT

                FOR THE CENTRAL DISTRICT OF CALIFORNIA

                            WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | NO. CV 15-01761 MWF (E) |
| Plaintiff, | |
| vs. | **CONSENT JUDGMENT OF FORFEITURE** |
| $467,810.00 IN U.S. CURRENCY, ET AL. | |
| Defendant. | |

   Plaintiff and Claimants Lee Ai Hinn and Howard Tan ("Claimants") have made a stipulated request for the entry of this Consent Judgment, resolving this action in its entirety.

1

The defendant assets were seized from Claimants, and they assert an interest in the defendant assets and have filed claims in this case and have answered the complaint. No other claims or answers were filed, and the time for filing claims and answers has expired.

The Court, having considered the stipulation of the parties, and good cause appearing therefor, **HEREBY ORDERS ADJUDGES AND DECREES**:

1. The government has given and published notice of this action as required by law, including Rule G of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court. Claimants have filed claims and answers to contest the forfeiture of the defendant assets. No other claims were filed, and the time for filing claims and answers has expired. This Court has jurisdiction over the parties to this judgment and the defendant assets. Any potential claimants to the defendant assets other than Claimants are deemed to have admitted the allegations of the complaint with respect to the defendant assets.

2. The following defendant assets shall be returned to Claimants as follows:

    a. $6,426.00 in U.S. currency, seized on July 28, 2014, without interest, shall be returned to claimant Lee Ai Hinn; and

    b. $162,727.50 in U.S. currency, seized on July 28, 2014, without interest, shall be returned to claimant Howard Tan.

1       The United States shall return the above-listed assets in
2  Paragraph 2 not later than 45 days after (a) the court enters
3  this Consent Judgment and (b) Claimants provide to the
4  government the bank routing and personal identifiers needed to
5  effect a wire transfer of any returned funds, whichever is
6  later.
7       3.   The following assets shall be forfeited to the United
8  States, and no other right, title or interest shall exist
9  therein.  The Government shall dispose of the following
10 according to law:
11          a.   $333,774.50 in U.S. currency seized on July 28,
12 2014 and July 9, 2015.
13      4.   Claimants have agreed to release the United States of
14 America, its agencies, agents, and officers, including employees
15 and agents of the Drug Enforcement Administration, as well as
16 all agents, officers, employees and representatives of any state
17 or local government or law enforcement agency involved in the
18 investigation or prosecution of this matter, from any and all
19 claims, actions or liabilities arising out of or related to the
20 seizure and retention of the defendant assets and/or the
21 commencement of this civil forfeiture action, including, without
22 limitation, any claim for attorneys' fees, costs or interest
23 which may be asserted on behalf of Claimants against the United
24 States, whether pursuant to 28 U.S.C. § 2465 or otherwise.
25 Claimants have waived any rights they may have to seek remission
26 or mitigation of the forfeiture.
27      5.   The court finds that there was reasonable cause for the
28 seizure of the defendant assets and the institution of this

action as to the defendant assets.  This judgment constitutes a certificate of reasonable cause pursuant to 28 U.S.C. § 2465 as to the defendant assets.

  6. Each of the parties shall bear its own fees and costs in connection with the seizure, retention and return of the defendant assets.

DATED: November 7, 2016  _____
         THE HONORABLE MICHAEL W. FITZGERALD
         UNITED STATES DISTRICT JUDGE

Prepared by:

EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

 /s/ Jonathan Galatzan
JONATHAN GALATZAN

Assistant United States Attorney
Asset Forfeiture Section

4